IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

WILLIAM L. CATHER,
BRENDA L. CATHER,
CHARLES H. CATHER,
LINDA F. CATHER,
EVERET P. BICE, JR.
ELIZABETH BICE,
ROBERT JUNIOR HEMPHILL,
Trustee of Trust A Created Under
the Hemphill Family Trust Dated
October 17, 1995, as Amended,

    Plaintiffs,

v.                                  Civil Action No. 1:17-cv-208
                                                 (Judge Kleeh)

EQT PRODUCTION COMPANY,
EQT GATHERING, LLC,
EQT ENERGY, LLC,
EQT MIDSTREAM SERVICES, LLC,
EQT CORPORATION, and
EQUITRANS, L.P.,

    Defendants.

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS'
RULE 60 MOTION FOR RELIEF OR, ALTERNATIVELY,
RULE 15 MOTION FOR LEAVE TO AMEND COMPLAINT [ECF NO. 57]**

Pending before the Court is Plaintiffs' Rule 60 Motion for Relief from Final Order or, Alternatively, Motion for Leave to Amend Complaint [ECF No. 57]. The Motion is fully briefed and ripe for consideration. For the reasons discussed below, the Court **DENIES** Plaintiffs' requests for relief under both Rule 60 and Rule 15.

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS'
RULE 60 MOTION FOR RELIEF OR, ALTERNATIVELY,
RULE 15 MOTION FOR LEAVE TO AMEND COMPLAINT [ECF NO. 57]**

## I. FACTUAL BACKGROUND

The Plaintiffs in this action, William L. Cather, Brenda L. Cather, Charles H. Cather, Linda F. Cather, Everet P. Bice, Jr., Elizabeth Bice, and Robert Junior Hemphill, Trustee of Trust A Created Under the Hemphill Family Trust Dated October 17, 1995, as Amended (together, "Plaintiffs"), are owners of oil and natural gas mineral interests in Taylor County, West Virginia. They filed a Complaint on December 7, 2017, against EQT Production Company, EQT Gathering, LLC, EQT Midstream Services, LLC, EQT Corporation, and Equitrans, L.P. (together, "Defendants"), alleging that they did not pay Plaintiffs the agreed-upon royalties under the lease of Plaintiffs' oil and natural gas mineral interests. The following recitation of the facts is taken from the Complaint [ECF No. 1].

The relevant lease of oil and gas mineral interests (the "Cather Lease" or the "Lease") provides, in part, as follows:

> The Lessee shall pay to the Lessor for each and every well drilled upon said land, which produces Natural Gas and/or Casinghead Gas in a quantity sufficient for the Lessee to convey to market, a money royalty computed at the rate of one-eighth (1/8) of the wholesale market value which is based on the average current price paid by the Lessee to independent operators in this general area . . . payment to be made on or before the 25th day of the month following that in which the gas has been delivered into the marketing pipe line . . . .

**CATHER V. EQT**                                                     **1:17-CV-208**

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS'
RULE 60 MOTION FOR RELIEF OR, ALTERNATIVELY,
RULE 15 MOTION FOR LEAVE TO AMEND COMPLAINT [ECF NO. 57]**

Compl. at ¶ 8.[1] The Cather Lease also provides that "the Lessee, at its option, may pay and discharge any taxes . . . levied, or assessed on or against the land or gas and/or oil in place under the above-described lands; and . . . may reimburse itself by applying to the discharge of any such . . . tax . . . any royalty . . . accruing hereunder." ¶ 10.

On or about March 2012, Defendants began producing oil, gas, and other hydrocarbons under the Cather Lease. ¶ 20. Plaintiffs allege that since that time, Defendants have been improperly taking significant deductions from the royalties owed to Plaintiffs and that Defendants have been issuing to Plaintiffs monthly statements that do not reveal the nature of, or the manner of calculation of, those deductions. ¶¶ 21-28, 33-34.

Plaintiffs allege that Defendants have engaged in a "pattern and practice" of underpayment of royalties owed to Plaintiffs. ¶¶ 24, 28. They believe that Defendants have knowingly and intentionally calculated Plaintiffs' royalties based on "sham transactions" between various related EQT subsidiaries and/or affiliates; have improperly calculated royalties based on an "artificial price" created by non-arm's length transactions between the related entities; and have unlawfully deducted

---

[1] The Complaint is located at ECF No. 1 in CM/ECF.

**CATHER V. EQT**                                **1:17-CV-208**

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS'
RULE 60 MOTION FOR RELIEF OR, ALTERNATIVELY,
RULE 15 MOTION FOR LEAVE TO AMEND COMPLAINT [ECF NO. 57]**

significant amounts from the royalties owed to Plaintiffs. ¶¶ 29-30.

Specifically, Plaintiffs allege that EQT Production Company sells natural gas to another EQT entity at an artificial price, set by Defendants, that bears no relationship to the higher price for which Defendants later sell the gas to a non-EQT entity. ¶ 31. In support of these allegations, Plaintiffs rely, in part, on a March 2017 letter in which EQT Production admitted the following:

> EQT Production Company sells the majority of the natural gas it produces at the wellhead to an affiliate, EQT Energy, LLC. While these sales are to a related entity, EQT Production Company contracts for an objective index price, less the necessary costs incurred to transport the gas to downstream markets. This pricing formula is designed to obtain the best available wellhead price for both EQT Production Company and its royalty owners.

¶ 32. Plaintiffs allege that Defendants' "scheme" was designed to, and does, decrease royalties paid to Plaintiffs and increase EQT's profit later when it sells the gas to a non-EQT entity in an arms-length transaction. ¶ 44.

Plaintiffs originally asserted the following claims: Count IV (Alter Ego to Pierce the Corporate Veil); Count V (Fraud); Count VI (Civil Conspiracy to Commit Fraud); Count VII (Breach of Contract); Count VIII (Conversion); Count IX (Unconscionability and Breach of Duty of Fair Dealing); Count X (Violation of West

**CATHER V. EQT** 1:17-CV-208

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS'
RULE 60 MOTION FOR RELIEF OR, ALTERNATIVELY,
RULE 15 MOTION FOR LEAVE TO AMEND COMPLAINT [ECF NO. 57]**

Virginia Consumer Credit and Protection Act, Section 2); Count XI (Violation of West Virginia Consumer Credit and Protection Act, Section 6); Count XII (Interest Due to Plaintiffs on Improperly Withheld Royalty Payments); and Count XIII (Punitive Damages).

## II. PROCEDURAL HISTORY

On February 1, 2018, Defendants filed a Motion for Partial Dismissal. ECF No. 15. Defendants moved to dismiss all counts and to dismiss Plaintiffs' request for attorney's fees. Id. On April 18, 2018, Judge Keeley held a Scheduling Conference and heard arguments on the Motion to Dismiss. ECF Nos. 26, 63. She announced on the record that she would grant in part and deny in part the Motion, and the following day, she issued a Summary Order in which she summarized the findings.[2] ECF No. 27. Judge Keeley dismissed the following claims: Count V (Fraud); Count VI (Civil Conspiracy to Commit Fraud); Count VIII (Conversion); Count IX (Unconscionability and Breach of Duty of Fair Dealing); Counts X and XI (Violations of the West Virginia Consumer Credit and Protection Act); and Count XIII (Punitive Damages). Id. She also dismissed Plaintiffs' request for attorney's fees. Id. Judge Keeley denied the dismissal of Counts IV (Alter Ego) and VII

---

[2] The transcript of the Scheduling Conference provides the Court's detailed analysis of the ruling on the Motion to Dismiss. ECF No. 63.

**CATHER V. EQT**  1:17-CV-208

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS'
RULE 60 MOTION FOR RELIEF OR, ALTERNATIVELY,
RULE 15 MOTION FOR LEAVE TO AMEND COMPLAINT [ECF NO. 57]**

(Breach of Contract).

Judge Keeley issued a Scheduling Order on July 17, 2018. ECF No. 36. On November 15, 2018, the final day for the parties to join parties or amend pleadings, Plaintiffs filed a motion under Rule 60 of the Federal Rules of Civil Procedure, requesting relief from Judge Keeley's Summary Order or, alternatively, leave to amend the Complaint via Rule 15.[3] ECF No. 57. The case was transferred to United States District Judge Thomas S. Kleeh on December 1, 2018. ECF No. 65. The pending Rule 60 or Rule 15 Motion is fully briefed and ripe for review.

### III. DISCUSSION

**A. Rule 60**

Rule 60(b) of the Federal Rules of Civil Procedure allows the Court to grant relief in certain circumstances from final orders, judgments, or proceedings. The United States Court of Appeals for the Fourth Circuit has written that "[i]n determining whether to exercise the power to relieve against a judgment under 60(b), the courts must engage in the delicate balancing of 'the sanctity of final judgments, expressed in the doctrine of res judicata, and the incessant command of the court's conscience that justice be

---

[3] That motion is predicated largely on Judge Bailey's decision in The Kay Company, LLC, et al. v. EQT Production Company, et al., Civil Action No. 1:13-CV-151, which was issued just days earlier on November 1, 2018.

**CATHER V. EQT**                                           1:17-CV-208

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS'
RULE 60 MOTION FOR RELIEF OR, ALTERNATIVELY,
RULE 15 MOTION FOR LEAVE TO AMEND COMPLAINT [ECF NO. 57]**

done in light of all the facts.'" Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979).

A movant under Rule 60(b) "must make a showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984). After that showing, the court may provide relief from a final judgment, order, or proceeding only for the following reasons:

  (1) mistake, inadvertence, surprise, or excusable neglect;

  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

  (4) the judgment is void;

  (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

  (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Put simply, "a party should not file such a motion 'to ask the Court to rethink what the Court had already thought through — rightly or wrongly.'" Best Western Int'l, Inc. v. Boury,

**CATHER V. EQT**  1:17-CV-208

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS'
RULE 60 MOTION FOR RELIEF OR, ALTERNATIVELY,
RULE 15 MOTION FOR LEAVE TO AMEND COMPLAINT [ECF NO. 57]**

5:04CV100, 2007 WL 9729077, at *1 (N.D.W. Va. 2007) (citing <u>Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Instead, "a motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law or where the party produced new evidence that could not have been obtained through the exercise of due diligence." <u>Boury</u>, 2007 WL 9729077, at *1.

Relief based on newly discovered evidence (Rule 60(b)(2)), as Plaintiffs seek here, requires a party to show the following:

> (1) the evidence is newly discovered since the judgment was entered;
>
> (2) due diligence on the part of the movant to discover the new evidence has been exercised;
>
> (3) the evidence is not merely cumulative or impeaching;
>
> (4) the evidence is material; and
>
> (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended.

<u>Boryan v. United States</u>, 884 F.2d 767, 771 (4th Cir. 1989). Finally, "[w]here the motion is nothing more than a request that the district court change its mind . . . it [also] is not authorized by Rule 60(b)." <u>Clear Sky Car Wash, LLC v. City of Chesapeake</u>, No. 2:12cv194, 2013 WL 1560358, at *4 (E.D. Va. 2013). The remedy

**CATHER V. EQT**  1:17-CV-208

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS'
RULE 60 MOTION FOR RELIEF OR, ALTERNATIVELY,
RULE 15 MOTION FOR LEAVE TO AMEND COMPLAINT [ECF NO. 57]**

provided by Rule 60(b) is "extraordinary and is only to be invoked upon a showing of exceptional circumstance." Compton, 608 F.2d at 102.

Here, Plaintiffs are effectively asking the court to change its mind about its application of the law. Judge Keeley dismissed the Fraud, Civil Conspiracy, and Punitive Damages claims (Counts V, VI, and XIII) because they are barred under the Gist of the Action doctrine. The "additional" or "new evidence," including the testimony cited in Kay,[4] may bolster Plaintiffs' original allegations but nothing more. Under the analysis Judge Keeley used in originally dismissing these claims, the additional information contained in the proposed Amended Complaint would not change the Court's finding that the allegations arose from the Lease itself and, therefore, are barred under the Gist of the Action doctrine. Moreover, Judge Keeley did not misapprehend the facts or the law simply because Judge Bailey came to a different conclusion about the law's application.[5]

This Court may have undertaken a different analysis if Judge

---

[4] Judge Bailey's decision in The Kay Company, LLC, et al. v. EQT Production Company, et al. is attached to Plaintiffs' Memorandum at ECF No. 58-1 in CM/ECF.
[5] The Court is mindful of the dueling conclusions reached and compelling analysis undertaken by both Judge Keeley and Judge Bailey. This Court is not casting a deciding vote between these learned jurists as it pertains to these complex questions of law. As explained hereinafter, the Law of the Case doctrine compels this Court's conclusion with respect to the pending motion.

**CATHER V. EQT**  1:17-CV-208

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS'  
RULE 60 MOTION FOR RELIEF OR, ALTERNATIVELY,  
RULE 15 MOTION FOR LEAVE TO AMEND COMPLAINT [ECF NO. 57]**

Keeley had dismissed the claims because they lacked sufficient factual allegations to support them. In that hypothetical scenario, any "additional" or "new evidence" could be helpful and could possibly result in a different outcome. However, even assuming all of the allegations as true, Judge Keeley dismissed those claims because they arose from the Lease. To come to a different conclusion here, the Court would need to take an entirely different approach in considering the Motion for Partial Dismissal. In other words, the Court would need to refrain from applying the Gist of the Action doctrine in the same manner. This Court will not do so here.

As Judge Keeley previously noted, the Gist of the Action doctrine provides that a tort claim arising from a breach of contract may be pursued only if "the action in tort would arise independent of the existence of the contract." Secure US, Inc. v. Idearc Media Corp., No. 1:08CV190, 2008 WL 5378319, at *3-4 (N.D.W. Va. Dec. 24, 2008) (quoting Syl. Pt. 9, Lockhart v. Airco Heating & Cooling, 567 S.E.2d 619 (W. Va. 2002)). Stated differently, "[t]he source of the duty is controlling. To be maintained, the action in tort must arise independent of the existence of the contract." CWS Trucking, Inc. v. Welltech Eastern, Inc., No. 2:04-CV-84, 2005 WL 2237788, at *3 (N.D.W. Va. Sept. 14, 2005).

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS'
RULE 60 MOTION FOR RELIEF OR, ALTERNATIVELY,
RULE 15 MOTION FOR LEAVE TO AMEND COMPLAINT [ECF NO. 57]**

The Supreme Court of Appeals of West Virginia has reaffirmed the vitality of this doctrine as recently as Gaddy Engineering Co. v. Bowles Rice McDavid Graff & Love, LLP, 746 S.E.2d 568 (W. Va. 2013). "[R]ecovery in tort will be barred" where any of the following four factors is present:

> (1) where liability arises solely from the contractual relationship between the parties;
>
> (2) when the alleged duties breached were grounded in the contract itself;
>
> (3) where any liability stems from the contract; and
>
> (4) when the tort claim essentially duplicates the breach of contract claim or where the success of the tort claim is dependent on the success of the breach of contract claim.

Gaddy, 746 S.E.2d at 577 (quoting Star v. Rosenthal, 884 F. Supp. 2d 319, 328-29 (E.D. Pa. 2012)). The Complaint, and the proposed Amended Complaint for that matter, base the claims for Fraud and Conspiracy to Commit Fraud on the contractual relationship between the parties. Plaintiffs' Fraud and Conspiracy claims (Counts Five and Six) are grounded in allegations (1) that Defendants have made material misrepresentations in royalty statements sent to Plaintiffs, and (2) that Defendants have engaged in fraudulent "sham" transactions with EQT entities. Compl. at ¶ 85. Notably,

**CATHER V. EQT**                                                1:17-CV-208

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS'
RULE 60 MOTION FOR RELIEF OR, ALTERNATIVELY,
RULE 15 MOTION FOR LEAVE TO AMEND COMPLAINT [ECF NO. 57]**

Plaintiffs allege that "EQT has materially misrepresented its obligations and duties to the Plaintiffs under the Cather Lease and under West Virginia law in that, on a monthly basis, EQT provides a royalty statement which knowingly, intentionally, and falsely states that EQT is entitled to withhold monies from Plaintiffs' royalty checks." Id. at ¶ 88. Plaintiffs further allege that, as a result of EQT's allegedly "fraudulent transaction[s]," they have been depriv[ed] of their rightful 1/8 royalty payment [pursuant to the Cather Lease] from EQT's actual sale proceeds upon which Plaintiffs' royalties should be based." Id. at ¶ 84. Thus, it is clear the misrepresentations and fraudulent transactions alleged in Plaintiffs' Fraud and Conspiracy claims are directly tied to the duties and obligations assumed in the Cather Lease. Gaddy, 746 S.E.2d at 586. In other words, the claims do not arise independent of the existence of the contract. CWS Trucking, 2005 WL 2237788, at *2. Rather, Defendants' alleged liability for these claims "stems from" the Cather Lease. Plaintiffs' claims for Fraud and Conspiracy to Commit Fraud[6] are, therefore, barred by the Gist of the Action doctrine.[7]

---

[6] A similar analysis would apply to Plaintiffs' Conversion claim. The allegations of the Complaint make clear that the success of the Conversion claim is dependent on the success of the Breach of Contract claim.

[7] The proposed Amended Complaint does not allege a claim for Conversion or re-allege the Consumer Credit Protection Act or Unconscionability and Breach of Duty of Fair Dealing claims contained in the proposed Amended Complaint. The

**CATHER V. EQT** 1:17-CV-208

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS'
RULE 60 MOTION FOR RELIEF OR, ALTERNATIVELY,
RULE 15 MOTION FOR LEAVE TO AMEND COMPLAINT [ECF NO. 57]**

The law as applied by Judge Keeley in the Summary Order, including her application of the Gist of the Action doctrine, is the law of the case. That doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." <u>United States v. Moussaoui</u>, 483 F.3d 220, 232 (4th Cir. 2007). The Law of the Case doctrine supports "finality and efficiency [in] the judicial process." <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 816 (1988). This doctrine is based on the "sound policy that when an issue is once litigated and decided, that should be the end of the matter." <u>United States v. U.S. Smelting Refining & Mining Co.</u>, 339 U.S. 186, 198 (1950). The doctrine requires courts to uphold earlier decisions in the same case unless: "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." <u>Sejman v. Warner–Lambert Co.</u>, 845 F.2d 66, 69 (4th Cir. 1988) (internal quotation marks omitted).

None of these exceptions apply here. Although Plaintiffs

---

dismissed claims reasserted in the proposed Amended Complaint fail for the reasons discussed herein.

**CATHER V. EQT**  1:17-CV-208

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS'
RULE 60 MOTION FOR RELIEF OR, ALTERNATIVELY,
RULE 15 MOTION FOR LEAVE TO AMEND COMPLAINT [ECF NO. 57]**

point to "new evidence" in support of their motion, it cannot be considered "substantially different evidence" after a trial. Again, the cited deposition testimony from another civil matter in this District is not "substantially different" from Plaintiffs' allegations (in either the filed Complaint or the proposed Amended Complaint). Instead, it appears to be potentially confirming testimony of the Complaint's allegations – but as this Court previously held in ruling upon Defendants' Motion to Dismiss, the non-breach of contract claims are grounded in the Lease and without an independent basis for a stand-alone tort claim. Thus, the Gist of the Action doctrine precludes them. See Gaddy, 746 S.E.2d 568. Furthermore, no new controlling authority has been cited,[8] and this Court cannot conclude, based on the prior extensive analysis, that the prior decision was "clearly erroneous" or would result in "manifest injustice."

Because Plaintiffs have not made the requisite showing of extraordinary circumstances to warrant relief under Rule 60 or demonstrated an exception to the Law of the Case doctrine, the Court denies Plaintiffs' request for relief under Rule 60.

---

[8] Judge Bailey's decision in Kay, while well-reasoned and insightful, can hardly be considered "controlling."

CATHER V. EQT                                                    1:17-CV-208

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS'
RULE 60 MOTION FOR RELIEF OR, ALTERNATIVELY,
RULE 15 MOTION FOR LEAVE TO AMEND COMPLAINT [ECF NO. 57]**

**B.    Rule 15**

Plaintiffs' Motion requests Rule 60 relief or, in the alternative, the Court's permission to file an Amended Complaint via Rule 15 of the Federal Rules of Civil Procedure. Under Rule 15, after 21 days have passed since a responsive pleading to the original complaint was served, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend "should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Sciolino v. Newport News, 480 F.3d 642, 651 (4th Cir. 2007). An amendment is futile if it would not survive a motion to dismiss. Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995).

Here, Plaintiffs' proposed Amended Complaint reasserts, with additional supporting allegations, causes of action that were dismissed in Judge Keeley's Summary Order: Fraud, Civil Conspiracy to Commit Fraud, and Punitive Damages. ECF No. 58-2. The proposed Amended Complaint, even with its new allegations, would not survive a motion to dismiss these claims. When these claims were originally dismissed, the Court found the claims were barred by the Gist of

CATHER V. EQT                                                  1:17-CV-208

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS'
RULE 60 MOTION FOR RELIEF OR, ALTERNATIVELY,
RULE 15 MOTION FOR LEAVE TO AMEND COMPLAINT [ECF NO. 57]**

the Action doctrine because they arose from the Lease and, therefore, could not stand on their own without the breach of contract claim.

Granting leave to file the proposed Amended Complaint [ECF No. 58-2] to reassert those same claims would be futile. If Plaintiffs were permitted to file their proposed Amended Complaint, this matter would proceed in a circle, bringing the parties and the Court back to where the collective group began. Defendants would file a motion to dismiss the Amended Complaint, and the Court would be examining the same issues it already examined and decided. The Gist of the Action doctrine would then apply in the same way it originally applied, and the claims reasserted in the Amended Complaint would again be barred. The Court did not dismiss the claims because of insufficient pleading; it dismissed the tort claims because, without the breach of contract claim, they could not stand alone. Here, if the Court were to reexamine these issues with the so-called "new evidence," the Court's finding would remain unchanged. The Court would ultimately dismiss the claims again because the Gist of the Action doctrine, as applied by Judge Keeley, is the law of the case. This circle is precisely the scenario which the Law of the Case doctrine spares litigants and judges. See Christianson, 486 U.S. at 816

**CATHER V. EQT**  1:17-CV-208

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS'
RULE 60 MOTION FOR RELIEF OR, ALTERNATIVELY,
RULE 15 MOTION FOR LEAVE TO AMEND COMPLAINT [ECF NO. 57]**

(noting the interest in the "finality and efficiency [in] the judicial process"). Because granting Plaintiffs leave to file the proposed Amended Complaint would be futile, the Court denies Plaintiffs' Rule 15 Motion.

## IV. <u>CONCLUSION</u>

For the reasons stated above, Plaintiffs' Motion [ECF No. 57] is **DENIED** under both Rule 60 and Rule 15 of the Federal Rules of Civil Procedure.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record.

DATED: May 17, 2019

<u>/s/ Thomas S. Kleeh</u>
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE
